

**SIGNED this 23rd day of February, 2009.**

_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BRYAN A. BOOTKA** | § | **CASE NO. 08-11506-CAG** |
| **and COURTNEY L. BOOTKA,** | § | |
| | § | **Chapter 13** |
| Debtors. | § | |

### MEMORANDUM OPINION
### IN SUPPORT OF ORDER
### SUSTAINING TRUSTEE'S OBJECTION TO THE UNSECURED CLAIM
### OF ECAST SETTLEMENT CORPORATION (CLAIM NO. 7)

On February 17, 2009, came on for hearing the Objection to the Unsecured Claim of eCast Settlement Corporation (Claim No. 7) (the "Objection" or "Objection to Claim") filed by the Trustee in the above-styled and numbered Chapter 13 case. The Trustee appeared in person, and the eCast Settlement Corporation ("eCast" or the "Claimant") appeared through counsel. The Court considered the arguments of the parties and the evidence presented, and at the conclusion of the hearing took the matter under advisement. After review and consideration of those arguments and that evidence, and considering the applicable legal authority, the Court makes the following findings of fact and conclusions of law in support of its Order Sustaining the Objection.

The Trustee objected to the Claim on the basis that it appeared, from the attachment to the Claimant's original proof of claim, that collection on the claim is barred by the statute of limitations applicable under Texas law.  Specifically, the claim (the "Claim") is based on a credit card account and the attachment to the proof of claim reflects a "Charge Off Date" of September 26, 2003, more than four years ago.  Under Texas Civil Practice & Remedies Code § 16.004(c), the Trustee argues, a person must bring suit on an open account not later than four years after the day the cause of action accrues.

The Claimant responded that the Debtors' scheduling of the claim as "undisputed" on their Schedules of Liabilities filed in this case, judicially estops the Trustee from objecting to it. Claimant also argues that the account was in fact active during the four years preceding the filing of the bankruptcy case, so that it is not barred by the statute of limitations.  Finally, eCast contends that the Trustee has failed to overcome the prima facie validity accorded to its proof of claim under Federal Rule of Bankruptcy Procedure 3001(f), and has not sustained her burden of proving the affirmative defense of limitations.

The Court is not persuaded that the Debtors' characterization of the claim on their Schedules should operate to estop the Trustee.  In the recent case of ***Kane v. Nat'l Union Fire Ins. Co.,*** 535 F.3d 380 (5th Cir. 2008), the Court of Appeals outlined the basic principles of judicial estoppel:

> "Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." ***In re Superior Crewboats, Inc.***, 374 F.3d [330, 334 (5th Cir. 2004),] (citing ***Brandon v. Interfirst Corp.***, 858 F.2d 266, 268 (5th Cir. 1988)).  "'The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.'"  ***Id***. (quoting ***In re Coastal Plains, Inc.***, 179 F.3d [197, 205 (5th Cir. 1999)]).  As an equitable doctrine, "[g]enerally, judicial estoppel is invoked where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" ***Id.*** at 334-35 (quoting ***Scarano v. Cent. R.R. Co.***, 203 F.2d 510, 513 (3d Cir. 1953)).
> We have recognized three particular requirements that must be met in order for judicial estoppel to operate: "(1) the party is judicially estopped only if its

position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." *Id.* at 335 (citations omitted). In the context of judicial estoppel, "inadvertence" requires either that "the debtor . . . lacks knowledge of the undisclosed claim[ ] or has no motive for [its] concealment." *Id.* (emphasis in original). In this circuit, we have applied judicial estoppel to bar an unscheduled claim when others, the debtors or other insiders, would benefit to the detriment of creditors if the claim were permitted to proceed. *See id.*; *In re Coastal Plains, Inc.*, 179 F.3d 197.

*Kane,* 535 F.3d 380, 385-86 (5th Cir. 2008). In *Kane*, the Court held that judicial estoppel did not bar the Chapter 7 debtors' pre-petition action for personal injuries, even though they had failed to disclose the pending lawsuit in their bankruptcy schedules and that because their personal injury claim became an asset of the bankruptcy estate when they filed their petition, the trustee was the real party in interest in the lawsuit. In such circumstances, where it is not the debtors who would unfairly benefit from recovery on the claim, but rather the trustee on behalf of the debtors' creditors who would benefit, the Court held that the equitable doctrine of judicial estoppel does not apply. This Court finds that this case, where the Trustee is pursuing an action (the Objection to Claim) that would primarily if not solely benefit the creditors and not the Debtors, is controlled by the Court's holding in *Kane* and that, therefore, the Trustee is not estopped from pursuing her Objection.

The Court also finds that the Trustee has satisfied her burden of proof on the Objection to Claim. "Upon the filing of an objection, the [objecting party] must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." *In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985) (*dicta*). Claimant's proof of claim on its face presents evidence that the claim is time-barred sufficient to rebut Rule 3001(f)'s presumption that the claim is valid and enforceable. *See generally, In re Circle J Dairy, Inc.*, 112 B.R. 297, 299 (W.D. Ark. 1989) (A proof of claim may itself be used as evidence to dispute claim's validity, where the proof of claim is insufficient on its face.). The Court therefore finds that the Trustee has sustained her burden of proof.

3

Once the objecting party presents sufficient evidence to overcome the claim's prima facie validity, the burden shifts to the party asserting the claim who must establish the validity of its claim by a preponderance of the evidence. *See generally, **In re O'Connor***, 153 F.3d 258, 260 (5th Cir. 1998). ECast presented in support of the enforceability of its claim the Amended Proof of Claim that it filed five days before the hearing. Attached to it is the Declaration of an officer of Bank of America (FIA Card Services) ("BOA"), which is the predecessor in interest to eCast with respect to the Claim. Attached to that Declaration is a copy of a June 2008 statement of the account. That statement reflects a payment of $6,213.52 posted on January 18, 2008. The bank officer's affidavit testimony states that "at the time the Account was being handled by a collection agency, a payment was made on the Account in the amount of $6,213.52. The payment was forwarded to BOA and applied to the account on January 18, 2008."

Neither the account statement nor the Declaration identify the date on which the payment was actually made, or the source of the payment. Rather, they are evidence only that a payment, from some unspecified source, was collected by an unspecified third party at some unspecified time, and forwarded to BOA–again, at some unspecified time–which finally posted the payment to the account on January 18, 2008. The Court finds that such evidence is insufficient to show that the Debtors made a payment on the account as late as January of 2008. Moreover, even if the payment had been shown to have been made by the Debtors, on a date within the four years prior to the bankruptcy filing, under Texas law it would still be barred by limitations.

There is no dispute that the Claim is based on an open account as defined under Texas law. "An open account exists where parties have conducted past and current dealings in a financial account; it remains open as long as the parties expect to conduct future dealings in the account." ***Facility Ins. Corp. v. Employers Ins. of Wausau***, 357 F.3d 508, 513 (5th Cir. 2004), citing ***Livingston Ford Mercury, Inc. v. Haley***, 997 S.W.2d 425, 427 (Tex. App.–Beaumont 1999, no

writ). Texas Civil Practice and Remedies Code § 16.004(c) provides:

> A person . . . must bring an action on an open or stated account . . . not later than four years after the day that the cause of action accrues. For purposes of this subsection, the cause of action accrues on the day that the dealings in which the parties were interested together cease.

"Thus, the limitations period for a suit concerning a transaction on an open account does not begin running until the account is closed." *Facility Ins. Corp., supra at* 513; *see also Sunshine Traders of El Paso, Inc. v. Dolgencorp, Inc.*, 219 Fed. Appx. 375, 377 (5th Cir. 2007) ("An account is open 'when there have been running or current dealings between the parties, and the account is kept open with the expectation of further dealings.'"), quoting *Livingston Ford Mercury, Inc. v. Haley*, 997 S.W.2d 425, 427 (Tex. App.–Beaumont 1999, no writ).

Given the admission in the attachment to the original Proof of Claim that the account was charged off on September 26, 2003, the Court finds that that was the date that the account was closed and the parties no longer "expect[ed] to conduct future dealings in the account." Thus the four-year statute of limitations began to run on September 26, 2003.

The alleged payment in January of 2008 was therefore made after the statute had run. Whether that payment is sufficient to revive the Claim, or bar a limitations defense, or create a new debt[1] is governed by § 16.065 of the Texas Civil Practices and Remedies Code, which provides:

> An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged.

Merely making a payment on a debt barred by limitations does not satisfy § 16.065. *See Mandola*

---

[1] Acknowledgment under § 16.065 creates a new debt. *E.g., Siegel v. McGavock Drilling Co.*, 530 S.W.2d 894, 896 (Tex. Civ. App.–Amarillo 1975, writ ref'd, n.r.e.) (noting that when "more than four years have intervened between the time the debt was due and the date the suit was filed, the bar of limitation is complete and the cause of action on the original debt is gone; but the old debt, even if barred by limitation, is consideration to support a cause of action brought within four years on the new promise to pay the debt embraced in a written acknowledgment of its justness.").

*v. Oggero*, 508 S.W.2d 861, 863 (Tex. Civ. App.–Houston [14th Dist.], 1974, no writ) ("The fact that part payments have been made, standing alone, is not sufficient to toll the statute."); *accord, Siegel v. McGavock Drilling Co.*, 530 S.W.2d 894, 896 (Tex. Civ. App.– Amarillo 1975, writ ref'd, n.r.e.) (rejecting the creditor's argument that a payment by check on an account constituted an acknowledgment of the debt because, *inter alia*, "mere payment by itself neither interrupts the running of limitation on the debt . . . nor acknowledges the justness of the debt with an implicit promise to pay it"). There is no evidence here that either of the Debtors acknowledged the justness of the debt in writing or indeed signed anything in connection with the payment. The Court therefore finds and concludes that eCast has failed to meet its burden of proving its Claim is not barred by the statute of limitations.

For all the foregoing reasons, the Court finds that the Objection should be sustained. A separate order will be entered to that effect.

# # #